# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JERRY T. IRWIN, | Case No. 20-CV-0755 (JRT/ECW) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| DAVID MILES, ALLISON COLLINS, KATIE MCDOWELL, KAYLA TAYLOR, TAMMY SHELTON, SHANNAH HALONIE, MIKE ZIMMERMAN, ADAM YOUNG, COURTNEY MENTEN, DERRICK KOECHER, DR. AMY FARMER, DR. CRYSTAL LEAL, MATTHEW SARBERG, MARY WARD, and BRIAN NINNERMAN, | |
| Defendants. | |

---

## IT IS HEREBY ORDERED THAT:

1.   Plaintiff Jerry T. Irwin's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) is **GRANTED**.

2.   Irwin must submit a properly completed Marshal Service Form (Form USM-285) for each defendant.  If Irwin does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will recommend that this matter be dismissed without prejudice for failure to prosecute.  Marshal Service Forms will be provided to Irwin by the Court.

3.      After the return of the completed Marshal Service Forms, the Clerk

of Court is directed to seek waiver of service from Defendants David

Miles, Allison Collins, Katie McDowell, Kayla Taylor, Tammy

Shelton, Shannah Halonie, Mike Zimmerman, Adam Young,

Courtney Menten, Derrick Koecher, Dr. Amy Farmer, Dr. Crystal

Leal, Matthew Sarberg, Mary Ward, and Brian Ninnerman (in their

individual capacities), consistent with Rule 4(d) of the Federal Rules

of Civil Procedure.

4.      If a defendant sued in his or her individual capacity fails without

good cause to sign and return a waiver within 30 days of the date

that the waiver is mailed, the Court will impose upon that defendant

the expenses later incurred in effecting service of process.  Absent a

showing of good cause, reimbursement of the costs of service is

mandatory and will be imposed in all cases in which a defendant

does not sign and return a waiver of service form.  *See* Fed. R. Civ.

P. 4(d)(2).

5.      The U.S. Marshals Service is directed to effect service of process on

Defendants David Miles, Allison Collins, Katie McDowell, Kayla

Taylor, Tammy Shelton, Shannah Halonie, Mike Zimmerman, Adam

Young, Courtney Menten, Derrick Koecher, Dr. Amy Farmer, Dr.

Crystal Leal, Matthew Sarberg, Mary Ward, and Brian Ninnerman

(in their official capacities with the State of Minnesota) consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

6.    Within Irwin's filing titled "[Plaintiff's] Motion for Appointment of [Counsel] and Restraining Order" (Dkt. 3 (Motion)), the portion requesting the appointment of counsel is **DENIED**.  *Pro se* litigants have no constitutional or statutory right to counsel in civil cases.  *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)).  Instead, in cases such as these, appointing counsel is a matter committed to the trial court's discretion.  *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases).  Among the factors the Court considers in determining whether to appoint counsel are the case's factual and legal complexity, the litigant's ability to present his claims, and whether the litigant and the Court would benefit from representation by counsel for both parties.  *See id.* at 756 (citing cases); *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986) (same).  In this action, the facts seem relatively simple, and while there may be some legal complexities (particularly concerning Irwin's first claim), Irwin's Complaint suggests that he has the threshold ability to present his own claims.

7.    In its discretion, however, the Court will refer Irwin to the Federal Bar Association's (FBA's) Pro Se Project (PSP).  Through this

program, the FBA's Minnesota Chapter operates a program of volunteer lawyers who donate their time to assist unrepresented individuals. "[T]he Court has no obligation to refer a pro se litigant to the [PSP]." *Rickmyer v. ABM Sec. Servs., Inc.*, No. 15-CV-4221 (JRT/FLN), 2016 WL 1248677, at *5 (D. Minn. Mar. 29, 2016) (citing cases), *aff'd*, 668 F. App'x 685 (8th Cir. 2016); *see also Henderson v. Minnesota*, No. 19-CV-0135 (MJD/ECW), 2019 WL 2223950, at *2 (D. Minn. May 23, 2019) (quoting *Rickmyer*). But under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." After reading the Complaint, the Court believes that the circumstances here justify a PSP referral. The Court will therefore refer Irwin by separate correspondence to the PSP. Irwin should bear in mind that while one of the PSP's volunteer lawyers may agree to represent him, *there is no requirement that a volunteer lawyer do so or that any lawyer be appointed to assist him*.

Furthermore, **IT IS HEREBY RECOMMENDED THAT** the portion of the Motion seeking a temporary restraining order ("TRO") is **DENIED**. (*See* Dkt. 3 at 1.) Under Federal Rule of Civil Procedure 65(b)(1)(B), a court may issue a TRO without notice to the adverse party only if the movant, among other things, "certifies in writing any efforts made to give notice and the reasons why it should not be required." Irwin admits that he has made no effort to notify the adverse parties of his request for a TRO.

4

(*See* Dkt. 4 at 9.)  Irwin suggests a reason why the Court should not require notice here: if Defendants get notice, he suggests, they might "try to cover up their actions through . . . retaliatory measures like having [Irwin] violated on his parole for filing suit against the defendants . . . ."  (*Id.*)  This assertion is conclusory, and in the Court's view, it is not enough to meet the Rule 65(b)(1)(B) requirement.[1]  Because Irwin's TRO request fails to satisfy Rule 65(b)(1)(B), the Court concludes it cannot grant the Motion's TRO-related component.[2]


Dated: March 26, 2020                    *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

---

[1]     *Cf. Neighbors Against Bison Slaughter v. Nat'l Park Serv.*, No. 19-CV-3144 (BAH), 2019 WL 6035356, at *9 n.9 (D.D.C. Nov. 14, 2019) (finding "vague assertions" of reason for not providing notice insufficient to meet requirement); *CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 14-CV-3625 (L), 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (finding "mere[] assert[ion]" of reason for not providing notice insufficient to meet requirement).  The Court also observes that if, as Irwin hypothesizes, Defendants took action against Irwin based on this suit's filing, that could ground an additional claim against Defendants—specifically, a First Amendment retaliation claim.  *See, e.g.*, *Saylor v. Nebraska*, 812 F.3d 637, 645–46 (8th Cir. 2016), *as amended* (Mar. 4, 2016) (discussing elements of First Amendment retaliation claim (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

[2]     This decision is without prejudice to Irwin filing a future motion for a preliminary injunction.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).