## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| JERRY T. IRWIN, | Civil No. 20-755 (JRT/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| DAVID MILES, et al, | |
| Defendants. | |

Jerry T Irwin, MSOP, 1111 Hwy 73, Moose Lake, MN 55767, *pro se* plaintiff.

Based upon the Findings of Fact, Conclusions of Law, and Recommendation by United States Magistrate Judge Elizabeth Cowan Wright dated March 26, 2020, all the files and records, and no objections having been filed to said Report and Recommendation, **IT IS HEREBY ORDERED** that the portion of the Motion seeking a temporary restraining order ("TRO") is **DENIED**. (*See* Dkt. 3 at 1.) Under Federal Rule of Civil Procedure 65(b)(1)(B), a court may issue a TRO without notice to the adverse party only if the movant, among other things, "certifies in writing any efforts made to give notice and the reasons why it should not be required." Irwin admits that he has made no effort to notify the adverse parties of his request for a TRO. (*See* Dkt. 4 at 9.) Irwin suggests a reason why the Court should not require notice here: if Defendants get notice, he suggests, they might "try to cover up their actions through . . . retaliatory measures

like having [Irwin] violated on his parole for filing suit against the defendants . . . ." (*Id.*)

This assertion is conclusory, and in the Court's view, it is not enough to meet the Rule 65(b)(1)(B) requirement.[1]  Because Irwin's TRO request fails to satisfy Rule 65(b)(1)(B), the Court concludes it cannot grant the Motion's TRO-related component.[2]

Dated: April 29, 2020
in Minneapolis, Minnesota at 10:30 AM

                                              s/John R. Tunheim_____
JOHN R. TUNHEIM
Chief Judge
United States District Court

---

[1] *Cf. Neighbors Against Bison Slaughter v. Nat'l Park Serv.*, No. 19-CV-3144 (BAH), 2019 WL 6035356, at *9 n.9 (D.D.C. Nov. 14, 2019) (finding "vague assertions" of reason for not providing notice insufficient to meet requirement); *CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 14-CV-3625 (L), 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (finding "mere[] assert[ion]" of reason for not providing notice insufficient to meet requirement).  The Court also observes that if, as Irwin hypothesizes, Defendants took action against Irwin based on this suit's filing, that could ground an additional claim against Defendants—specifically, a First Amendment retaliation claim.  *See, e.g.*, *Saylor v. Nebraska*, 812 F.3d 637, 645–46 (8th Cir. 2016), *as amended* (Mar. 4, 2016) (discussing elements of First Amendment retaliation claim (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

[2] This decision is without prejudice to Irwin filing a future motion for a preliminary injunction.