# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

JERRY T. IRWIN,

                                      Plaintiff,

v.

DAVID MILES, ALLISON COLLINS, KATIE MCDOWELL, KAYLA TAYLOR, SHANNAH HALONIE, TAMMY SHELTON, MIKE ZIMMERMAN, COURTNEY MENTEN, ADAM YOUNG, DERRICK KOECHER, DR. AMY FARMER, DR. CRYSTAL LEAL, MATTHEW SARBERG, MARY WARD, and BRIAN NINNEMAN, *in their individual and official capacities*,

                                       Defendants.

No. 20-755 (JRT/ECW)

**ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE**

---

Jerry T. Irwin, MSOP, 1111 Highway 73, Moose Lake, MN 55767, *pro se*.

Aaron Winter and Roger Yang, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants.

Plaintiff Jerry T. Irwin, who is civilly committed to the Minnesota Sex Offender Program ("MSOP"), brings this civil rights action against multiple MSOP staff members in their official and individual capacities, alleging two counts based upon violations of his First Amendment right to free speech. Defendants moved to dismiss the Complaint pursuant to Rules of Civil Procedure 12(b)(1) and 12(b)(6). Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation ("R&R"), recommending that

Defendants' motion be granted in part and denied in part.  Although the Magistrate Judge recommended that count one be dismissed for failure to state a claim, she found that Defendants' argument for dismissing the constitutional claims in count two were not fully developed and accordingly recommended denying the motion to dismiss count two. Defendants object to the R&R's conclusion as to count two.

Because the Court finds that Plaintiff fails to state a claim for violations of his First Amendment right to free speech, the Court will sustain Defendants' objections, adopt the R&R as to count one, reject the R&R as to count two, and grant Defendants' Motion to Dismiss.  The Court will also grant Irwin 30 days to amend and file a new Complaint.

## BACKGROUND

### I.    FACTUAL BACKGROUND

In 2019, Plaintiff Jerry T. Irwin was committed to MSOP's Moose Lake facility on a court-ordered judicial hold, pending the Itasca County's adjudication of a petition to civilly commit Irwin as a "sexually dangerous person."  (Compl. ¶¶ 1, 6, 24; Yang Decl. ¶ 3, Ex. B. ("Itasca County Order") at 2–3, June 3, 2020, Docket No. 30-2.)  During the judicial hold, Irwin was evaluated by MSOP staff and issued an Individual Treatment Plan ("ITP") and Individual Program Plan ("IPP").  (Compl. ¶¶ 24–28.)  On July 25, 2019, Dr. Amy Farmer conducted Irwin's initial mental health assessment and diagnosed Irwin with schizophrenia, unspecified type, and on July 31, 2019, Allison Collins finalized an ITP for

Irwin, which Irwin alleges requires him to admit to his mental illness and eventually accept medication. (*Id.* ¶¶ 25, 27.)

Irwin's IPP includes behavioral expectations and restrictions related to his treatment plan, which Irwin alleges chill his speech. (*Id.* ¶¶ 28–33, 38–39, 41–44, 48.) In particular, the IPP limits how frequently he can approach staff at the front security desk to share information about his ongoing projects and his ideas for solving global problems, including hunger and disposal of radioactive waste. (*Id.* ¶¶ 22, 51.) The latest version of the IPP allows him to approach the front security desk from 10:00am until 10:10am and again from 4:00pm to 4:10pm to share his ideas with staff stationed there. (*Id.* ¶ 22 n.2.)

Irwin alleges that various defendants have issued him Behavior Expectations Reports ("BERs") on multiple occasions for failing to adhere to his IPP, including for abuse and harassment, failure to comply, being in an unauthorized area, and disturbing others. (*Id.* ¶¶ 30, 38, 42–43.) On March 4, 2020, Irwin appeared before the Behavior Expectations Unit ("BEU") hearing panel, which assigned him fourteen days of restrictions for these infractions. (*Id.* ¶ 45.) Irwin was also instructed by Defendant Kayla Taylor that, pursuant to his IPP, he was not to bring concerns about his projects to the front desk, but that staff could engage in conversation or play a game with Irwin away from the security desk. (*Id.* ¶ 48.)

Irwin also alleges that, because he is housed on the Omega behavior therapy unit, he has limited or no access to various recreational activities and resources, including

library use, computer classes, crafts, exercise, and recreational sports. (*Id.* ¶¶ 31, 37, 50.)[1]

Irwin asserts that he was not permitted to move off the Omega unit because he was on

judicial hold and due to his continued failure to comply with his IPP, including engaging in

verbal abuse and threatening behavior. (*Id.* ¶ 31.) Irwin also alleges that he filed multiple

requests with MSOP staff to modify his treatment program and restrictions, but these

requests were not granted. (*Id.* ¶¶ 34, 36, 40, 41, 43–48.)

On April 30, 2020, the Itasca County District Court granted Itasca County's petition

to civilly commit Irwin to the MSOP based on an extensive record, including thousands of

pages of exhibits, evaluations from numerous mental health examiners over more than a

decade, and the testimony and reports of two court-appointed examiners. (Itasca County

Order at 1–96.)

## II.   PROCEDURAL HISTORY

Plaintiff initiated this action against Defendants who are MSOP staff and

supervisors, citing 42 U.S.C. §§ 1983 and 9501 and Minnesota Statutes §§ 144.651 and

253B.03. (Compl. ¶¶ 3, 7–21.) The Complaint includes two counts and related

allegations: (1) that Defendants established treatment plans for Irwin that unlawfully

punish him for refusing to admit that he has a mental illness, and are in violation of a prior

---

[1] Behavior Therapy Units are residential units in MSOP facilities for patients who have exhibited continued behavior problems, including assault, criminal activity, antisocial behavior, aggressive behavior toward staff and patients, disruptive behavior, interfering with others' treatment, and failing to comply with the rules. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1026 (8th Cir. 2012).

court order[2]; and (2) that the treatment plans illegally chill Irwin's First Amendment right to free speech by limiting his ability to communicate to staff about his personal projects and ideas.  (Compl. ¶¶ 22, 50–51.)  Irwin requests injunctive relief, damages, and immediate removal from the behavior therapy unit where he resides to a less restrictive treatment unit.[3]  (*Id.* ¶ 52.)

Defendants filed a motion to dismiss the complaint with prejudice for lack of subject matter jurisdiction pursuant to Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).  (Defs.' Mot. Dismiss, June 2, 2020, Docket No. 20).

Upon review, the magistrate judge recommended that all state law claims and all § 1983 official capacity claims be dismissed, and that the § 1983 individual capacity claim in count one be dismissed pursuant to Rule 12(b)(6).  (R&R at 17–19, Jan. 29, 2021, Docket No. 56.)  However, the magistrate judge found that Defendants had mischaracterized count two as a Fourteenth Amendment procedural due process claim related to the BERs,

---

[2]  In 2017, the Washington County court denied Washington County's petition to civilly commit Irwin as a person who is mentally ill and similarly denied the County's request to impose psychiatric treatment.  (Compl. ¶¶ 2, 50; Decl. of Roger Yang ("Yang Decl.") ¶ 2, Ex. A ("Washington County Order") at 4, June 3, 2020, Docket No. 30-1.)  However, at the time that Irwin filed the Complaint, he was at MSOP pursuant to a judicial hold ordered by the Itasca County court, and the 2017 order was not operative.

[3]  Irwin also alleges that MSOP staff limited his ability to contact his legal counsel during the Itasca County commitment proceedings.  (Compl. ¶ 3.)  Because this allegation is not supported by any of the facts in the Complaint and is not raised in his substantive claim, the Court will not address it here.

rather than a First Amendment claim related to restrictions on Irwin's ability to talk with staff.  (R&R at 19.)  Because the magistrate judge found that Defendants had not properly briefed the constitutional claim, she recommended denying the motion as to the § 1983 individual capacity claim in count two.[4]  (R&R at 25.)  Defendants object to the R&R's recommendation as to count two.  (Defs.' Obj., Feb. 12, 2021, Docket No. 57.)  Irwin's reply accepts the magistrate judge's recommendation that count one be dismissed without prejudice, but urges the Court to adopt the R&R as to count two.  (Pl. Resp., Mar. 1, 2021, Docket No. 58.)

## DISCUSSION

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp.

---

[4]  The magistrate judge recommended sustaining count two for all Defendants, except for Dr. Leal, for whom there were insufficient allegations of involvement.  (R&R at 22–23 n.11, 24.)

3d 1012, 1017 (D. Minn. 2015).  The court liberally construes a document filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

## II.   MOTION TO DISMISS

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims."  *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 163 (D. Minn. 2013) (citation omitted).  When addressing a facial Rule 12(b)(1) attack, the Court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts the complaint's factual allegations as true and grants all reasonable inferences in favor of the non-moving party. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quotation omitted).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

III.    **ANALYSIS**

A.    **Defendants' Objections**

Defendants object to the magistrate judge's recommendation that the motion to dismiss the § 1983 individual capacity claim in count two be denied.  In particular, Defendants argue that Irwin fails to state a claim because he does not plead facts consistent with an established First Amendment right and Irwin's IPP is constitutional under a modified *Turner* analysis.  Defendants also dispute the magistrate judge's finding that the motion to dismiss failed to assert cognizable challenges to these claims, though Defendants concede that their First Amendment arguments were not fully developed as to count two in their briefing.

Defendants also urge the Court to review count two on the merits pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that when a Plaintiff files a complaint without prepaying fees and costs, the court shall dismiss the action at any time if it determines that it fails to state a claim upon which relief may be granted.  Plaintiff argues that this provision should not apply because he is not a prisoner, as defined by the Prison Litigation Reform Act.  However, the Eighth Circuit has found that § 1915(e) applies to all persons proceeding in forma pauperis, including civilly detained persons.  *Carter v. Schafer*, 273

Fed. Appx. 581, 582 (8ᵗʰ Cir. 2008) (per curiam).[5]  The Court will review count two on the merits.[6]

### B.    Count Two

Count two of the Complaint alleges that Defendants' use of the IPP illegally chills Irwin's right to free speech by limiting his ability to talk to MSOP staff and then punishing him by issuing BERs if he fails to adhere to these limitations.  (Compl. ¶ 51.)

The First Amendment protects Irwin's rights to discuss, print, and distribute his ideas and receive new information, as well as Irwin's "freedom of inquiry, freedom of thought, and freedom to teach."  *Griswold v. Connecticut*, 381 U.S. 479, 482 (1965). However, "[e]ven protected speech is not equally permissible in all places and at all times."  *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 799 (1985). Circumstances of involuntary confinement may necessitate additional restrictions on a committed persons' rights to free speech. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1038– 39 (8ᵗʰ Cir. 2012).

The Court reviews restrictions in the civil commitment context under a modified version of the four-factor test established by the Supreme Court in *Turner v. Safley*, 482

---

[5] The case that Plaintiff cites, *Perkins v. Hedricks*, states only that the inmate-account procedures of 28 U.S.C. § 1915 do not apply to a plaintiff who is a Federal Medical Center detainee; it does not address the dismissal provision in § 1915(e)(2)(B)(ii).  340 F.3d 582 (8ᵗʰ Cir. 2003) (per curiam).

[6] Defendants also argue that the Court should extend qualified immunity to count two.  Because the Court finds that count two fails on the merits, it need not reach the question of qualified immunity here.

U.S. 78, 107 (1987).  The Court considers: (1) whether there is a valid, rational connection between the regulation and the legitimate institutional and therapeutic interests the regulation addresses; (2) whether the committed person has alternative means of exercising their constitutional rights; (3) whether accommodating the asserted rights would impact other committed persons or staff; and (4) whether there is an alternative to the regulation that would accommodate the committed persons' rights at a de minimis cost to the governments' valid interests.  *See Beaulieu*, 690 F.3d at 1039; *Karsjens v. Piper*, 336 F. Supp. 3d 974, 992 (D. Minn. 2018).

Although Irwin claims that he is restricted altogether from sharing his ideas with staff, the facts alleged suggest instead that the IPP only restricts Irwin's ability to approach the security desk outside of allotted times, and that he is encouraged to otherwise engage staff in conversation away from the security desk.  The IPP's limitations on the time, place, and manner for Irwin's communications with staff do not broadly restrict Irwin's ability to speak, write, or share his ideas.  Further, MSOP has a valid institutional interest in limiting distractions to staff at the security desk, as well as a therapeutic interest in establishing behavioral expectations for clients, particularly clients who are new to the facility.  Finally, accommodating Irwin's apparent desire to communicate with staff at the security desk without restriction is likely to cause disruption to staff and other clients and could also give rise to security threats.  As such, the facts alleged in the Complaint are not consistent with Irwin's allegation that the IPP impermissibly restricts Irwin's protected

free speech, and the Court finds that the modified *Turner* factors weigh in favor of dismissal.

To the extent that count two includes a First Amendment retaliation claim related to the BERs, that claim also fails, as no constitutionally protected activity has been chilled by adverse action. *See, e.g., Eggenberger v. W. Albany Twp.*, 820 F.3d 938, 943 (8th Cir. 2016) (quotation omitted) (concluding that there can be no chilling of a constitutional right when a plaintiff fails to demonstrate that a constitutionally protected right is implicated). As above, limitations on Irwin's ability to approach the security desk with his ideas do not constitute actionable violations of Irwin's free speech rights. Further, the facts alleged do not comport with Irwin's claims that the BERs were issued as retaliation for his speech. Rather, the Complaint states that some of the BERs were issued because of Irwin's failures to comply with the IPP, including the security-desk restriction; and others were issued after Irwin abused, harassed, or disturbed others, or was in an unauthorized area. But none of the BERs are consistent with retaliatory action for engaging in free speech, and Irwin provides no other facts to support retaliation by MSOP staff. Accordingly, the Court finds that Irwin has not stated a colorable retaliation claim in count two.

### CONCLUSION

Because count two of the Complaint fails to state a claim for which relief can be granted, the Court will sustain Defendants' objections and dismiss count two in addition

to count one. However, the Court finds that granting leave to amend would not unduly prejudice the parties and will permit Plaintiff 30 days to amend his Complaint to cure deficiencies identified here and in the R&R.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objections to the R&R [Docket No. 57] are **SUSTAINED**.

2. The R&R [Docket No. 56] is **ADOPTED, in part and REJECTED, in part as follows:**

   a. Plaintiff's claims under 42 U.S.C. § 9501 and Minnesota Statutes §§ 144.651 and 253B.03. are **DISMISSED** with prejudice;

   b. Plaintiff's claims under 42 U.S.C. §§ 1983 against Defendants in their official and individual capacities are **DISMISSED** without prejudice.

3. Defendants' Motion to Dismiss [Docket No. 20] is **GRANTED** and this action is **DISMISSED without prejudice.**

4. Plaintiff shall have 30 days from the date of this order to file an amended complaint.

DATED: March 24, 2021
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court

-12-